**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTEBAN ARRIOJA-VAZQUEZ, | No. 15-72759 |
| Petitioner, | Agency No. A079-157-518 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA, and W. FLETCHER, Circuit Judges.

Esteban Arrioja-Vazquez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Arrioja-Vazquez failed to demonstrate a nexus between the harm he fears in Mexico and a protected ground. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (holding that "mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim"); *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group"). In his opening brief, Arrioja-Vazquez does not challenge the BIA's determinations as to his political opinion claims. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Arrioja-Vazquez's withholding of removal claim fails.

We do not reach Arrioja-Vazquez's contentions as to adverse credibility or corroboration. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).

In his opening brief, Arrioja-Vazquez does not challenge the BIA's determination that he waived any challenge to the IJ's denial of CAT relief. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

As stated in the court's November 17, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**